Metcalf, J.
At the last law term held for these counties, George H. Winchester presented a petition to us, stating that he (by the name of George W. Winchester) and his wife recovered judgment, at a former term, against John Le Baron, and praying that the record of that judgment might be amended, by changing the name of George W. to George H. Upon an ex parte hearing, that petition was dismissed, on the ground, among other things, that there was no necessity for the amendment, inasmuch as the petitioner might have the full benefit of the judgment, though recovered in a wrong name, by showing that he was the real party. If we were *474 right then, the first exception now before us is not well taken. We have reexamined the matter, after hearing the respondent’s counsel, and our opinion is not changed.
Misnomer of parties to actions is matter of abatement only. Hence, if a party, who is sued by a wrong name, is duly served with process, and suffers judgment to be recovered against him by that name, the judgment is valid, and he may be lawfully arrested on an execution issued against him by that name. Crawford v. Satchwell, 2 Stra. 1218. Or the judgment creditor may maintain an action on that judgment, declaring against the judgment debtor by his true name, and averring that the judgment was recovered against him. by another name. Root v. Fellowes, 6 Cush. 29; American Bank v. Doolittle, 14 Pick. 127; Fitzgerald v. Salentine, 10 Met. 436. So if a party sues in a wrong name, and recovers judgment in such name, the judgment is valid, if there be no fraud, and he may maintain an action on it in his true name, averring that he recovered it in another name. Boyden v. Hastings, 17 Pick. 200. See also Moody v. Aslatt, 5 Tyrw. 492, and 1 Crompt. Mees. & Rose. 771. And, in both cases, he may give the judgment in evidence, in a collateral action, and may prove the identity of the person by parol testimony. Stevelie v. Read, 2 Wash. C. C. 274. See also Stevens v. Elizee, 3 Campb. 256. Indeed, the identity cannot often, if ever, be proved in any other way.
The question, whether the land, of which partition is now sought, is the same that was recovered by the judgments given in evidence by the petitioners, was rightly left to the jury, and with proper instructions. Naglee v. Ingersoll, 7 Barr, 185. And since the decision in Marshall v. Crehore, 13 Met. 462, the petitioners’ seizin in fact need not be proved.
The exceptions are overruled, and the case is to go back to the court of common pleas for further proceedings.